**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard Cochran, | No. CV 11-2538-PHX-RCB(JFM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Mark Wardian, et al., | |
| Defendants. | |

Plaintiff Howard Cochran, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . .

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts,

a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, the Court will dismiss the Complaint with leave to amend.

## III. Complaint

Plaintiff alleges three counts for violation of his Fourth, Eighth, and Fourteenth Amendment rights. Plaintiff sues the following current or former City of Phoenix Police Officers: Mark Wardian, Todd Everett, Detective Michael Caggiano, and Sergeant John Doe. Plaintiff seeks compensatory and punitive relief.

Plaintiff alleges the following facts: at some point, Defendant "Wardian, et., al [sic]," stated that Plaintiff had narcotics on him even though two other people were walking with him, after "Wardian, et., al [sic]", recovered drugs that had been thrown to the ground. According to Plaintiff, the person who actually threw down the drugs is willing to testify that he or she threw down the drugs. "Wardian, et., al [sic]," knew that Brian Smith had committed the same crime as Plaintiff. Smith told officers at the scene that he had the gun at one point, but only Plaintiff was charged by Wardian and Doe. Plaintiff believes that Wardian and Doe discriminated against him where he was the only person charged with misconduct involving weapons. "Wardian, et., al [sic]," ground Plaintiff's face into the road causing cuts to his face.

**Background**

Plaintiff was charged in two cases in Maricopa County Superior Court, case# CR2010-161733 and CR2011-101847. In the former case, on October 11, 2011, Plaintiff pleaded guilty to misconduct involving weapons, pursuant to a plea agreement, and his

JDDL-K

motion to dismiss a second count for a narcotic drug violation[1], and allegations of prior felony convictions and being on parole at the time of the offense, are to be deemed submitted at the time of sentencing.[2] Also on October 11, 2011, Plaintiff pleaded guilty to second degree burglary pursuant to a plea agreement.[3] Sentencing in both cases is scheduled for February 27, 2012.[4]

## IV. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Further, To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658,

---

[1] See http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2010-161733 (last visited Jan. 30, 2012).

[2] See http://www.courtminutes.maricopa.gov/docs/Criminal/102011/m4932987.pdf (last visited Jan. 30, 2012).

[3] See http://www.courtminutes.maricopa.gov/docs/Criminal/102011/m4932988.pdf (last visited Jan. 30, 2012).

[4] See http://www.courtminutes.maricopa.gov/docs/Criminal/012012/m5065372.pdf (last visited Jan. 30, 2012).

691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

### A. Failure to Comply with Instructions

Local Rule 3.4(a) requires prisoners to use court-approved form complaints. Although Plaintiff used the court-approved form complaint, he failed to comply with the Instructions for completing his Complaint. The Instructions for completing the court-approved form complaint state in relevant part that:

> **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.** The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable. All questions must be answered *clearly and concisely in the appropriate space on the form*. If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action. You do not need to cite law.

(Instructions at ¶ 1) (italics added).

The Instructions further provide that:

> 1. Counts. You must identify which civil right was violated. **You may allege the violation of only one civil right per count**.
> 2. Issue Involved. Check the box that most closely identifies the issue involved in your claim. **You may check only one box per count**. If you check the box marked "Other," you must identify the specific issue involved.
> 3. *Supporting Facts. After you have identified which civil right was violated, you must state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you must identify which defendant did what act. You also should state the date(s) on which the act(s) occurred, if possible.*
> 4. Injury. State precisely how you were injured by the alleged violation of your rights.

(Instructions, part C) (italics added).

While Plaintiff used the court-approved form complaint, Plaintiff failed to *clearly* state supporting facts. He fails to allege when or where the alleged violations occurred. He also fails to specifically allege how each Defendant violated his rights. Thus, Plaintiff failed

1  to comply with the Instructions for completing the court-approved form or to sufficiently
2  allege facts to state a claim against any Defendant. In an amended complaint, Plaintiff
3  should allege when, where, and how each Defendant violated his constitutional rights for
4  each count.

**B.     Count I**

Plaintiff designates Count I as a claim for violation of his Fourth Amendment rights and states that someone "planted false evidence." (Doc. 1 at 3.) Plaintiff otherwise alleges that Officer "Wardian et., al [sic]" stated that Plaintiff had thrown away narcotic drugs, although two other people were walking with Plaintiff. Plaintiff claims that one of the other people threw the drugs and that this person is willing to so testify.

Although far from clear, Plaintiff appears to be attempting to allege a claim for false arrest. To state a § 1983 claim for false arrest and imprisonment, a plaintiff must allege that there was no probable cause for his arrest. See Cabrera v. City of Huntingdon Park, 159 F.3d 374, 380 (9th Cir. 1998) (citing George v. City of Long Beach, 973 F.2d 706, 710 (9th Cir.1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991). The Fourth Amendment requirement that arrest warrants be based upon probable cause may be satisfied by an indictment returned by a grand jury. See Kalina v. Fletcher, 522 U.S. 118, (1997).

The docket for CR2010-161733 reflects that Plaintiff was indicted by a grand jury on January 27, 2011.[5] The grand jury indictment satisfied the existence of probable cause for Plaintiff's arrest for narcotic drugs. Plaintiff does not otherwise allege facts to support that any Defendant planted narcotics on him or in some other way violated his constitutional rights. Accordingly, Count I will be dismissed for failure to state a claim.

**C.     Count II**

---

[5] See http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2010-161733 (last visited Jan. 31, 2012).

Plaintiff designates Count II as a claim for violation of Equal Protection. He alleges that he was charged with misconduct involving weapons, but another person who had held the gun at issue was not. He contends that he was thereby discriminated against. The Court construes this count to allege a claim for selective prosecution.

Claims of selective prosecution are judged according to equal protection standards. Wayte v. United States, 470 U.S. 598, 608 (1985); see Rosenbaum v. City and County of San Francisco, 484 F.3d 1142, 1152-53 (9th Cir. 2007); Ortega Melendres v. Arpaio, 598 F. Supp.2d 1025, 1037 (D. Ariz. 2009); Sherman v. Brown, No. 2:06-cv-00911-JKS, 2009 WL 2190074, at *9 (E.D. Cal. July 22, 2009). To state a selective prosecution claim under the Equal Protection Clause, a defendant must allege that others who were similarly situated were not prosecuted and that his prosecution was based on an impermissible motive, such as race or religion. Wayte, 470 U.S. at 608; United States v. Dumas, 64 F.3d 1427, 1431 (9th Cir. 1995); Dal Molin v. County of Napa, 266 Fed. Appx. 585 (9th Cir. 2008) ("to maintain a claim of selective prosecution, a plaintiff must show that similarly situated individuals were not prosecuted unless they were members of a targeted class.").

Plaintiff alleges that someone similarly-situated to him was not prosecuted for misconduct involving weapons. However, Plaintiff does not allege facts to support that he was prosecuted, while the other person was not, for some impermissible reason. Plaintiff thus fails to state a claim for selective prosecution and Count II will be dismissed.

**D.  Count III**

Plaintiff designates Count III as a claim for excessive force. A claim that police officers used excessive force in the course of an arrest arises under the Fourth Amendment. See Graham v. Connor. 490 U.S. 386, 395 (1989); Hooper v. County of San Diego, 629 F.3d 1127, 1133 (9th Cir. 2011); Bryan v. MacPherson, 630 F.3d 805, 823-24 (9th Cir. 2010). To state an excessive force claim, a plaintiff must allege facts to support that the force used by police officers was objectively unreasonable under the circumstances. Graham, 490 U.S. at 395. The pertinent question is whether the use of force was "objectively reasonable in light of the facts and circumstances confronting [the officers], without regard to their underlying

intent or motivation." Id. at 397. Further, an arrestee's resistance may support the use of force regardless of whether of probable cause for an arrest exists. Brooks v. City of Seattle, 599 F.3d 1018, 1022 (9th Cir. 2010). But the existence of probable cause may be considered as a part of the totality of the circumstances. Id. Other relevant circumstances include the severity of the suspected crime at issue, whether the suspect posed an immediate threat to the safety of officers or others, and whether the suspect was actively resisting arrest or attempting to evade arrest. Miller v. Clark County, 340 F.3d 959, 964 (9th Cir. 2003); see Bryan, 630 F.3d at 826.

As with Plaintiff's other claims, he fails to state when, where, and specifically which Defendants were involved in the alleged use of force. Plaintiff also fails to allege facts to support that the use of force was objectively unreasonable under the circumstances. Accordingly, Plaintiff fails to state a claim for excessive use of force in Count III against any Defendant.

**V.     Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original

complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.  Warnings**

   **A.  Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

   **B.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **C.  Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   **D.  Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

   **E.  Possible Dismissal**

1. If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 2.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint is **dismissed** for failure to state a claim. (Doc. 1.) Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 1st day of February, 2012.

Robert C. Broomfield
Senior United States District Judge