**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard Cochran, ) | No. CV 11-2538-PHX-RCB(JFM) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Mark Wardian, et al., ) | |
| Defendants. ) | |

Plaintiff Howard Cochran filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc. 6.) Plaintiff has filed a First Amended Complaint. (Doc. 9.) The Court will order Defendant Wardian to answer Count II of the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not

1  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
2  unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
3  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
4  statements, do not suffice." Id.

5  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
6  claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
7  550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
8  that allows the court to draw the reasonable inference that the defendant is liable for the
9  misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
10 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
11 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
12 allegations may be consistent with a constitutional claim, a court must assess whether there
13 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

14 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
15 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
16 Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
17 than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
18 94 (2007) (*per curiam*)).

19 **II.     First Amended Complaint**

20 Plaintiff alleges three counts for violation of his Fourth Amendment rights, excessive
21 use of force, and selective prosecution. Plaintiff sues the following Defendants: Phoenix
22 Police Department Officers Mark Wardian, Todd Everett, Robert Ramsey, Michael Hiatt, and
23 Christopher Smith. He also sues Phoenix Police Sergeant John Doe and Detective Michael
24 Caggiano. Plaintiff seeks compensatory and punitive relief.

25 Plaintiff alleges the following facts: on October 29, 2010, on Camelback Road in
26 Phoenix, police officers lacked probable cause to arrest him. Plaintiff denies that he
27 possessed drugs or that he threw down drugs and claims that an unidentified witness is
28 willing to testify to those facts. Two other men, named Brian and Will, who Plaintiff

describes as similarly-situated to him, were not prosecuted. However, Plaintiff also notes that unlike Plaintiff, Brian and Will had not been previously imprisoned and were not then on parole. Brian told police officers about "his involvement and his possession of the gun." (Doc. 9 at 5.) Defendants Wardian, Everett, Caggiano, Ramsey, Hiatt, Smith, and Doe were all informed "about this matter". (Id.)

**Background**

Plaintiff was charged in two cases in Maricopa County Superior Court, case# CR2010-161733 and CR2011-101847. In the former case, on October 11, 2011, Plaintiff pleaded guilty to misconduct involving weapons, pursuant to a plea agreement; Plaintiff's motion to dismiss a second count for a narcotic drug violation[1] and allegations of prior felony convictions and being on parole at the time of the offense, were to be deemed submitted at the time of sentencing.[2] Also on October 11, 2011, Plaintiff pleaded guilty to second degree burglary pursuant to a plea agreement.[3] Plaintiff has not yet been sentenced in either case.[4]

## III.  Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v.

---

[1] See http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2010-161733 (last visited Jan. 30, 2012).

[2] See http://www.courtminutes.maricopa.gov/docs/Criminal/102011/m4932987.pdf (last visited Jan. 30, 2012).

[3] See http://www.courtminutes.maricopa.gov/docs/Criminal/102011/m4932988.pdf (last visited Jan. 30, 2012).

[4] See http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2011-101847 and http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2010-161733 (last visited Apr. 3, 2012).

1   Goode, 423 U.S. 362, 371-72, 377 (1976).

2   Further, to state a claim against a defendant, "[a] plaintiff must allege facts, not simply
3   conclusions, that show that an individual was personally involved in the deprivation of his
4   civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual
5   to be liable in his official capacity, a plaintiff must allege that the official acted as a result of
6   a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188
7   (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a
8   defendant's position as the supervisor of someone who allegedly violated a plaintiff's
9   constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658,
10  691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his
11  individual capacity, "is only liable for constitutional violations of his subordinates if the
12  supervisor participated in or directed the violations, or knew of the violations and failed to
13  act to prevent them." Taylor, 880 F.2d at 1045.

### A.   Count I.

15  Plaintiff labels Count I as a claim for violation of his Fourth Amendment rights.
16  Although unclear, Plaintiff appears to be attempting to allege a claim for false arrest. To
17  state a § 1983 claim for false arrest and imprisonment, a plaintiff must allege that there was
18  no probable cause for his arrest. See Cabrera v. City of Huntingdon Park, 159 F.3d 374, 380
19  (9th Cir. 1998) (citing George v. City of Long Beach, 973 F.2d 706, 710 (9th Cir.1992)).
20  Probable cause "exists when under the totality of the circumstances known to the arresting
21  officers, a prudent person would have concluded that there was a fair probability that [the
22  person arrested] had committed a crime." Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir.
23  1991). The Fourth Amendment requirement that arrest warrants be based upon probable
24  cause may be satisfied by an indictment returned by a grand jury. See Kalina v. Fletcher, 522
25  U.S. 118, (1997).

26  The dockets for both cases reflect that Plaintiff was indicted by a grand jury.[5] A grand

28   [5] See http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/case
Info.asp?caseNumber=CR2010-161733 and http://www.superiorcourt.maricopa.gov/docket/

TERMPSREF

- 4 -

jury indictment establishes the existence of probable cause for Plaintiff's arrests. Plaintiff does not otherwise allege facts to support that any Defendant in violated his constitutional rights. Accordingly, Count I will be dismissed for failure to state a claim.

### B. Count III

Plaintiff designates Count III as a claim for violation of equal protection or for selective prosecution. Claims of selective prosecution are judged according to equal protection standards. Wayte v. United States, 470 U.S. 598, 608 (1985); see Rosenbaum v. City and County of San Francisco, 484 F.3d 1142, 1152-53 (9th Cir. 2007); Ortega Melendres v. Arpaio, 598 F. Supp.2d 1025, 1037 (D. Ariz. 2009); Sherman v. Brown, No. 2:06-cv-00911-JKS, 2009 WL 2190074, at *9 (E.D. Cal. July 22, 1009). To state a selective prosecution claim under the Equal Protection Clause, a defendant must allege that others who were similarly situated were not prosecuted and that his prosecution was based on an impermissible motive, such as race or religion. Wayte, 470 U.S. at 608; United States v. Dumas, 64 F.3d 1427, 1431 (9th Cir. 1995); Dal Molin v. County of Napa, 266 Fed. Appx. 585 (9th Cir. 2008) ("to maintain a claim of selective prosecution, a plaintiff must show that similarly situated individuals were not prosecuted unless they were members of a targeted class.").

Plaintiff alleges that Brian and Will were similarly-situated to him, although he also alleges that they were not on parole, but that only Plaintiff was prosecuted on weapons charges. Plaintiff does not allege facts to support that he was prosecuted on weapons charges for an impermissible reason, such as his race or religion, while others were not. Instead, Plaintiff implies that he was singled out because he had a criminal record and was still on parole. Even if true, those facts do not rise to the level of a violation of equal protection or constitute selective prosecution. For that reason, Plaintiff fails to state a claim for selective prosecution or violation of equal protection and Count III will be dismissed.

. . .

CriminalCourtCases/caseInfo.asp?caseNumber=CR2011-101847 (last visited Apr. 3, 2012).

**IV.    Claim for Which an Answer Will be Required**

Plaintiff designates Count II as a claim for excessive use of force by Defendant Wardian. Plaintiff alleges that Wardian ordered Plaintiff to lay on the ground and then got on top of Plaintiff and ground his face into the concrete. Plaintiff sufficiently alleges that Wardian used excessive force in Count II. Accordingly, Wardian will be required to respond to Count II of the First Amended Complaint.

**V.    Warnings**

   **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

   **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   **D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

1  **IT IS ORDERED:**

2  (1) Counts I and III are **dismissed** without prejudice. (Doc. 9.)

3  (2) Defendants Caggiano, Everett, Doe, Ramsey, Hiatt, and Smith are **dismissed**
4  without prejudice. (Doc. 9.)

5  (3) Defendant Wardian must answer Count II.

6  (4) The Clerk of Court must send Plaintiff a service packet including the First
7  Amended Complaint (Doc. 9), this Order, and both summons and request for waiver forms
8  for Defendant Wardian.

9  (5) Plaintiff must complete and return the service packet to the Clerk of Court
10 within 21 days of the date of filing of this Order. The United States Marshal will not provide
11 service of process if Plaintiff fails to comply with this Order.

12 (6) If Plaintiff does not either obtain a waiver of service of the summons or
13 complete service of the Summons and First Amended Complaint on a Defendant within 120
14 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever
15 is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m);
16 LRCiv 16.2(b)(2)(B)(i).

17 (7) The United States Marshal must retain the Summons, a copy of the First
18 Amended Complaint, and a copy of this Order for future use.

19 (8) The United States Marshal must notify Defendants of the commencement of
20 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
21 Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The**
22 **Marshal must immediately file signed waivers of service of the summons. If a waiver**
23 **of service of summons is returned as undeliverable or is not returned by a Defendant**
24 **within 30 days from the date the request for waiver was sent by the Marshal, the**
25 **Marshal must**:

26   (a) personally serve copies of the Summons, First Amended Complaint, and
27   this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil
28   Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(12) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 4th day of April, 2012.

_____
Robert C. Broomfield
Senior United States District Judge